# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| HARRY ALLEN FERRELL<br>and STEPHANIE S. FERRELL | § § § § | PLAINTIFFS |
| v. | § § | Civil Action No. 1:08CV1461-LG-RHW |
| STATE FARM FIRE & CASUALTY<br>INSURANCE COMPANY and<br>DEFENDANTS A-M | § § § § | DEFENDANTS |

## ORDER GRANTING MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [4] filed by the plaintiffs, Harry Allen Ferrell and Stephanie S. Ferrell. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the amount in controversy requirement is not satisfied in this lawsuit, and therefore, this Court does not have jurisdiction over this case. Therefore, the Motion to Remand is granted.

### FACTS

On August 28, 2008, the Ferrells filed this lawsuit against State Farm in the Circuit Court of Jackson County, Mississippi. The Ferrells seek additional payments pursuant to an insurance policy issued by State Farm for damage that was sustained by their home during Hurricane Katrina.

State Farm removed the lawsuit to this Court on the basis that the diversity of citizenship exists and the amount in controversy requirement is satisfied. The Ferrells are residents of Jackson County, Mississippi. It is undisputed that State Farm is an Illinois corporation. The

Ferrells claim that State Farm has a principal place of business in Mississippi, while State Farm asserts that its principal place of business is in Illinois. Neither party has submitted evidence to support these contentions.

The Ferrells also assert that they are seeking only $65,000 in damages, exclusive of interest and costs, and thus, the amount in controversy requirement of the diversity jurisdiction statute is not satisfied. However, State Farm contends that the Ferrells are seeking $65,000 in damages in addition to other amounts recoverable under the policy. The *ad damnum* clause of the Ferrells' Complaint provides:

> WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment of and from the Defendant, State Farm, for actual damages in the sum of Sixty Five [sic] Thousand Dollars ($65,000.00); post-judgment interest and all costs.
> WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Declaratory Judgment pursuant to Rule 57 of the Mississippi Rules of Civil Procedure and other applicable laws adjudicating that the Defendant, State Farm, owe the Plaintiff additional damages as asserted in their Complaint, including but not limited to additional damage to their home, use of the home; additional living expenses; and contents of their home; and other coverage provided by the policy.

(Compl. at 8-9).

State Farm contends that the second paragraph of the *ad damnum* clause, which seeks a declaratory judgment and "other coverage provided by the policy," demonstrates that the Ferrells are seeking in excess of $75,000, because the policy limits are $136,700 for the dwelling, up to $13,670 for the dwelling extension, $102,525 for personal property, and actual loss sustained for loss of use. (Ex. B to Notice of Removal).

The Ferrells have submitted an affidavit to the Court, which provides that they are not seeking to recover damages in an amount greater than $65,000, and that they do not at this time have any intention of seeking in excess of $65,000, exclusive of interest and costs. (Ex. 1 to

Reply). They also state that they will accept $65,000 as a total settlement of this case, and argue that, when the payments they have already received for the damage to their home are subtracted from the policy limits, the remaining amount does not exceed $75,000. (*Id.*)

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. The party invoking federal jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (citing *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir. 1998)). The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

If a defendant can show that the amount in controversy actually exceeds the jurisdictional amount by a preponderance of the evidence, the plaintiffs must show that as a matter of law, it is certain that they will not be able to recover more than the amount they have demanded in their complaint. *De Aguilar*, 47 F.3d at 1411-12. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883; *see also St. Paul Mercury*, 303 U.S. at 293 (noting that events that reduce the amount recoverable subsequent to removal do not oust the district court's jurisdiction once it has

attached). If it is facially apparent from the complaint that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits reducing the amount in controversy do not deprive the court of jurisdiction. *Id.*

The Court finds that State Farm has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000. Specifically, it has not produced any evidence or argument regarding whether the Ferrells maintain that their home was a total loss or that all of their personal property was damaged. Additionally, State Farm has not provided the amount previously paid under the policy. As a result, the Court cannot determine the amount in controversy solely from the policy limits.

Furthermore, the Court notes that the amount in controversy was unclear at the time when this case was removed to this Court, due to ambiguity in the Complaint regarding whether the Ferrells sought only $65,000 or $65,000 in addition to other unspecified amounts. Therefore, the Court will consider the Ferrells' affidavit as evidence that the amount in controversy does not exceed $75,000, because the affidavit merely clarifies the amount sought by the Ferrells. As a result, the Court finds that the amount in controversy requirement is not satisfied and the Motion to Remand should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [4] filed by the plaintiffs, Harry Allen Ferrell and Stephanie S. Ferrell, is **GRANTED**. The above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF JACKSON COUNTY , MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28

U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2009.

                                                  s/ *Louis Guirola, Jr.*
                                                  LOUIS GUIROLA, JR.
                                                  UNITED STATES DISTRICT JUDGE